[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12129
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20412-JAL-7


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO F. CABRERA,
a.k.a. El Mecanico,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 12, 2014)

Before TJOFLAT, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Leonardo F. Cabrera appeals his sentence of 15 months of imprisonment

following his plea of guilty to conspiring to encourage and induce an alien to

illegally enter and reside in the United States. See 8 U.S.C. § 1324(a)(1)(A)(v)(I). Cabrera argues that his sentence is procedurally and substantively unreasonable. We affirm.

Cabrera argues that his sentence is procedurally unreasonable because the district court failed to consider the statutory sentencing factors, see 18 U.S.C § 3553(a), but we disagree. The district considered Cabrera's role as a co-pilot and mechanic of a boat used in the conspiracy; his involvement in an earlier smuggling trip; the dangerousness of and profit derived from the conspiracy; his lack of a criminal history; his minor role in the conspiracy; and the need for his sentence to promote respect for the immigration laws, to provide adequate punishment, and to deter him from future similar crimes. See id. § 3553(a)(1)– (5). The district court also considered the sentence imposed on a codefendant, Cardet Mombiela, and Cabrera's struggle with depression. See id. § 3553(a)(6), (1). Based on the consideration given the sentencing factors, we are satisfied that the district court had a "reasoned basis for exercising [its] own legal decisionmaking authority," United States v. Agbai, 497 F.3d 1226, 1230 (11th Cir. 2007) (quoting Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007)). Cabrera's sentence is procedurally reasonable.

The district court did not abuse its discretion by sentencing Cabrera to 15 months of imprisonment. Cabrera co-piloted a boat from Miami to the Bahamas,

2

where he refueled and made repairs to the boat while waiting for his codefendants to collect between 30 and 70 Cuban nationals, each of whom had paid $10,000 to be transported to the United States.  Although Cuban authorities interrupted that venture, Cabrera previously had been involved in transporting other aliens. Cabrera requested a sentence 8 months below the bottom of his advisory guideline range of 15 to 20 months of imprisonment, in part, because of the 7-month sentence received by Mombiela, but the district court reasonably rejected that request.  Cabrera was not similarly situated to Mombiela, a younger man who had been pressured by his step-father to deliver $6,000 to the Bahamas to purchase supplies for one smuggling trip.  The district court reasonably determined that a sentence below Cabrera's recommended range would not adequately address the statutory sentencing factors.  See 18 U.S.C. § 3553(a).  Cabrera argues that the district court focused on the seriousness of his offense and "lost sight" of his personal history and health, but "we will not substitute our judgment in weighing the relevant [sentencing] factors," United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks and citation omitted).  Cabrera's sentence at the low end of the advisory range, which is well below his maximum statutory sentence of 120 months, is reasonable.

We **AFFIRM** Cabrera's sentence.